UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HAYES BARKER,

        Applicant,

       v.                                      Case No. 06-C-0236

UNITED STATES OF AMERICA,

        Respondent.

**MAGISTRATE JUDGE'S RECOMMENDATION RE: APPLICATION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

        On February 13, 2006, the petitioner, Hayes Barker ("Barker"), filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. According to his petition and the attachment thereto, in 1990 Barker pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute in excess of 5 kilograms of cocaine in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. The Honorable Robert W. Warren, United States District Judge for the Eastern District of Wisconsin, imposed sentence on Barker. Barker is currently a prisoner in the United States Penitentiary in Florence, Colorado.

        As best as this court can discern, the sole claim that Barker presents in his habeas corpus application is that the plea agreement into which he entered in 1990 has been violated because, at some unidentified point in time, Judge Warren reversed his original order and ordered Barker to begin paying 1/3 of the amount of restitution which had been determined to be owing to the Drug Enforcement Administration. According to Barker, Judge Warren's order constitutes a violation of Barker's constitutional right to due process. Without giving any further consideration to the precise

nature or merits (or lack of merits) of Barker's claim, there are several obstacles that Barker confronts in pursuing this habeas action in this court.

First of all, to the extent that Barker's application is correctly identified as an application for habeas relief under §2241, Barker cannot pursue such relief in this court. "A § 2241 petition, even when sought by way of the savings clause of § 2255, must be filed 'in the district of confinement . . ., not the district where the case was tried.'" *United States v. Prevatte*, 300 F.3d 792, 799 n.2 (7th Cir. 2002) (quoting *Garza v. Lappin*, 253 F.3d 918, 921 (7th Cir. 2001)). Barker's application expressly makes clear that he is currently in custody in the District of Colorado. Thus, to the extent Barker is truly seeking relief under § 2241, this court does not have jurisdiction over his application.

To the extent that Barker's application is construed to be a motion for relief under 28 U.S.C. § 2255, this court likewise does not have jurisdiction over such motion. This is because it is a second or successive § 2255 motion.

The docket in Barker's criminal case in this district, *United States v. Barker*, Case No. 90-CR-22, reveals that on October 1, 2001, United States District Judge Rudolph T. Randa dismissed several motions which had been filed by Barker. According to the March 6, 2002 Order of the Seventh Circuit Court of Appeals which affirmed Judge Randa's decision, "[t]he district court construed the motions as § 2255 motions and dismissed them as unauthorized successive collateral attacks." *Barker v. United States*, No. 01-3979 (7th Cir. Mar. 6, 2001). The Seventh Circuit went on to state:

> This court has reviewed the final order of the district court and the record on appeal. The district court properly construed Barker's motions as collateral attacks under § 2255. Barker's motions challenged his plea and sentence, and those claims are properly brought under § 2255. *See Garza v. Lappin*, 253 F.3d 918, 921 (7th Cir.), *cert. denied*, 121 S. Ct. 2543 (2001). Barker does not show that his remedy

under § 2255 "is inadequate or ineffective to test the legality of [his] detention." See 28 U.S.C. § 2255 ¶5, last clause.  Thus, the district court correctly found that it lacked jurisdiction to consider Barker's motions under 28 U.S.C. § 2244(b)(3).

*Id*. at 2.

Title 28 U.S.C. § 2255 provides, in pertinent part, that

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In turn, 28 U.S.C. § 2244(b)(3)(A) states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  To reiterate, if Barker's instant application were construed to be a § 2255 motion, it must also be construed to be a second or successive § 2255 motion and thus subject to dismissal.

The district court had no option other than to deny the petition.  No matter how powerful a petitioner's showing, only this court may authorize the commencement of a second or successive petition. . . .  From the district court's perspective, it is an allocation of subject-matter jurisdiction to the court of appeals.  A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.

*Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

In light of the foregoing, it will be recommended that Barker's application and this action be dismissed for lack of jurisdiction.

3

**NOW THEREFORE IT IS RECOMMENDED** that Barker's application and this action be dismissed for lack of jurisdiction.

Any objection to this recommendation must be filed with the Clerk of Court, in duplicate, within ten days of service of the same. *See* 28 U.S.C. § 636(b)(1)(B) and (C) and General L.R. 72.3 (E.D. Wis.). Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

**SO ORDERED** this 13th day of March 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge